**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3366-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSEPH SMITH,

    Defendant-Appellant.

_____

Submitted February 7, 2018 – Decided March 12, 2019

Before Judges Fuentes and Suter.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 14-04-1128 and 14-04-1129.

Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Robert D. Laurino, Acting Essex County Prosecutor, attorney for respondent (Tiffany M. Russo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

An Essex County Grand Jury indicted defendant Joseph Smith, charging him with second degree unlawful possession of a handgun while in the course of committing or attempting to commit a drug-related offense, N.J.S.A. 2C:39-4.1(a); second degree unlawful possession of a loaded handgun, N.J.S.A. 2C:39-5(b); fourth degree unlawful possession of armor piercing ammunition, N.J.S.A. 2C:39-3(f), fourth degree unlawful possession of marijuana with intent to distribute in a quantity of less than one ounce, N.J.S.A. 2C:35-5(a)(1), (b)(12); and fourth degree unlawful possession of drug paraphernalia, N.J.S.A. 2C:36-3. The Grand Jury found probable cause that defendant committed these offenses on December 17, 2013.

On September 15, 2014, defendant entered into a negotiated agreement with the State through which he pled guilty to second degree unlawful possession of a loaded handgun and fourth degree unlawful possession of armor piercing ammunition. The State agreed to dismiss the remaining charges in the indictment and recommend the court sentence defendant to an aggregate term of five years imprisonment, with forty-two months of parole ineligibility. On February 6, 2015, the court sentenced defendant in accordance with the plea agreement. The sentencing judge found aggravating factors, N.J.S.A. 2C:44-

1(a)(3), (6), and (9), and no mitigating factors. Defendant did not seek appellate review of the plea hearing or the sentence imposed by the court.

On August 11, 2015, defendant filed a pro se petition seeking post-conviction relief (PCR), in which he claimed his counsel provided ineffective assistance by failing to investigate and file a motion to suppress the handgun found inside the car. The PCR judge assigned an attorney to represent defendant in the prosecution of this petition. On March 18, 2015, PCR counsel filed a brief with the court arguing prior defense counsel was ineffective when he failed to challenge the constitutionality of the search of defendant's motor vehicle conducted by Newark police officers.

The PCR court heard oral argument on defendant's petition on June 24, 2016. PCR counsel argued the police officers stopped defendant's car without probable cause and unlawfully detained defendant and other persons in defendant's parked car. Under these circumstances, PCR counsel claimed defense counsel should have challenged the constitutionality of the motor vehicle stop and search, as well as defendant's subsequent detention related thereto. PCR counsel emphasized that defense counsel did not conduct any investigation nor make any effort to ascertain the location of the police officers at the time they were allegedly surveilling defendant. Defense counsel also did

not make any effort to locate the man who was seated in the passenger-side of defendant's vehicle at the time of the arrest. Without giving a specific description or proffer of this witness's testimony, PCR counsel claimed this person would have been able "to testify . . . [at the] suppression hearing," and provide" an alternate version of the facts, which could be supported by Mr. Smith."

PCR counsel argued defense counsel's failure to seek this information left defendant unable to challenge the police officers' claim of probable cause. According to PCR counsel, this satisfied the first prong under Strickland v. Washington, 466 U.S. 668, 687 (1984). The second prong in Strickland requires defendant to show there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. PCR counsel argued there was a strong likelihood the court would have granted a motion to suppress the evidence seized from defendant's car, thus satisfying the second prong under Strickland.

The State argued the facts did not support defendant's claim of ineffective assistance of counsel. According to the State, on the date of defendant's arrest, Essex County Narcotics Task Force Detectives received information from a citizen that a man was selling marijuana in the area of Osborne Terrace and

Renner Avenue. The caller described the alleged dealer as "a heavy set black male with long dreadlocks." The man selling the marijuana was seated in a parked blue Ford SUV. Narcotics Task Force Detectives responded to the area identified by the caller in an unmarked police vehicle. Upon arrival, they observed a motor vehicle that matched the caller's description. Seated behind the SUV's steering-wheel was an African American man who also matched the physical description of the alleged drug dealer. The Detectives also saw another African American man seated in the front passenger-side of the SUV. From their vantage point, the Detectives saw an unknown African American man approach the passenger-side of the SUV, at which point defendant extended his arm across the passenger seated next to him, and handed the unknown African American man an indiscernible amount of currency in exchange for an equally unknown object. Based on the belief they had witnessed a hand-to-hand illicit drug transaction, the Detectives decided to approach defendant's car. As they approached, the Detectives noticed defendant "fumbling with items in and around the center console area."

The Detectives ordered defendant and the other two occupants of the SUV "to show their hands." Except defendant, the other two occupants, later identified as William Johnson and Robert Anthony Lee, complied with the

Detectives' command. However, defendant continued to "fumble around." Defendant finally complied after the Detectives again ordered him to show his hands. One of the Detectives saw a black bag fall from the center console to the driver-side of the SUV. The Detective saw the bag contained "a green vegetative substance." As he opened the SUV's driver-side door, the Detective immediately detected an odor of raw marijuana. After removing defendant and the two other occupants from the SUV, the Detective saw "a black handgun in the center console area."

After reviewing the relevant case law that discusses the constitutional principles governing automobile stop and searches, the PCR judge found he "may need to hear from trial counsel as regard to the conversations that . . . were had regarding the possible motion and whether an alternative version of facts . . . were known to trial counsel." The PCR judge concluded that an evidentiary hearing would "allow the [c]ourt to make a better determination of whether it was ultimately a trial strategy not to pursue the motion to suppress."[1]

---

[1] Although not a part of this appeal, the PCR judge also considered and rejected as "meritless" defendant's argument that he was entitled to withdraw his guilty plea. The PCR judge cited to the Supreme Court's decision in State v. Slater, 189 N.J. 145 (2009) to reach this decision.

The PCR judge conducted an evidentiary hearing on November 10, 2016. Defendant's original defense counsel testified as a witness for the State. No other witnesses were called. In response to the prosecutor's questions, defense counsel explained that based on his criminal record, defendant was facing consecutive terms of ten years, with five years of parole ineligibility, for a total potential penal exposure of twenty years with ten years of parole ineligibility. Defendant was also exposed to discretionary and mandatory extended terms. As defense counsel explained, because defendant was charged with the possession of a handgun without a permit, "his potential exposure was 30 years [in] New Jersey State Prison with 15 years parole ineligibility" under the Graves Act. See N.J.S.A. 2C:43-6(c).

Defense counsel also testified that he reviewed police reports that stated defendant "essentially blurted out and took ownership of that gun and drugs." In fact, defense counsel testified that defendant gave an inculpatory statement concerning ownership of the handgun and marijuana after he was informed of and waived his constitutional rights under Miranda v. Arizona, 384 U.S. 436 (1966). On cross-examination, PCR counsel asked defense counsel why he never considered contacting or tried to contact the two passengers in the SUV. Defense counsel gave the following explanation:

I didn't contact them because, based upon A, the offer that we had and the fact that it would be withdrawn again, for lack of a better term, roll the dice with the motion to suppress, I -- when speaking with [defendant] we balanced the risk versus the reward. The risk of the offer going up substantially, the risk of there being no offer at the motion and having to go to trial and be subjected to 30 with 15 versus the reward of winning the motion to suppress based upon what we had there.

So based upon that a determination was made that there really wasn't anything that would be sufficient to justify passing up that offer at that time.

The PCR judge reserved decision at the conclusion of the November 10, 2016 evidentiary hearing. On January 20, 2017, the judge delivered an oral decision from the bench denying defendant's PCR petition. After reviewing the case law that has addressed how to apply the two-prong standard for determining ineffective assistance of counsel under Strickland, the judge found defense counsel made a sound, fully informed strategic decision not to file a motion to suppress in exchange for securing defendant a reasonably favorable plea agreement. The judge found defense counsel thoughtfully weighed the risk of presenting the motion judge with "testimony that would have contradicted his client's, which may have seemed beneficial at the moment [but] would later be used to discredit petitioner's entire statement."

The PCR judge found defense counsel's testimony credible and dispositive. The judge found defendant made a knowing, voluntary decision to accept the State's plea offer after weighing all of the risks involved in going to trial and receiving sound legal advice from his attorney. The judge provided the following explanation in support of his ruling:

> Together [defendant and defense counsel] they reached a consensus that accepting a plea rather than risking going to trial was the best [course] of action. Knowing the plea offer would be withdrawn petitioner and [defense counsel] had to make the strategic decision to determine whether it would be best to forego filing any motions and accept five years with 42 months parole ineligibility or risk going to trial and face up to 30 years in prison.
>
> The [c]ourt has considered the briefs and heard the testimony regarding [defense counsel's] determination to not file a motion to suppress. Petitioner had the burden to satisfy both prongs of the Strickland/Fritz[2] test and also show that the suppression motion had merit. The petitioner has failed to meet that burden.
>
> Regarding the issue of whether the police had probable cause to search petitioner and his car there was no reason for [defense counsel] to question petitioner's accounts of the events that transpired, thus, not notifying him of a basis to file a motion to dismiss.

---

[2] Our State Supreme Court adopted the Strickland two-prong test in State v. Fritz, 105 N.J. 42, 58 (1987).

A-3366-16T1

Against this factual and procedural backdrop, defendant now appeals raising the following argument.

POINT ONE

THE PCR COURT ERRED IN DENYING MR. SMITH'S CLAIM THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

Defendant's argument lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by Judge Arthur J. Batista in his oral opinion delivered from the bench of January 20, 2017.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3366-16T1